# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALI S. ZAZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-23-75-F |
| | ) | |
| OK BUREAU OF V.A., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ali S. Zaza, appearing *pro se*, has filed a complaint naming OK Bureau of V.A. as defendant.[1]  Upon review of the complaint, it appears Mr. Zaza is seeking to sue the Oklahoma Department of Veterans Affairs.  He claims as follows:

> The OK B VA Rep on October 15, 2021 called and suggested I drop the appeal telling me that if I won the appeal, I would not get an increase in VA comp.  [T]his is deceiving and malice. . . The fact is that I wou[l]d get VA comp from the date of [initial filing in] 2004 [until] 2018.  This fact was concealed and it was admitted by the Rep who called today trying to convince me to drop another appeal on Feb. 2023.  The Board of Appeal reminded me to show up for Jan. 2022 appeal which I did in Muskogee to be told I have no docket case[.]  An OK [B] VA Rep should not cheat veterans out of their entitlement.  Deja vu 1800 "indian agents[.]"

Doc. no. 1, ECF p. 5.

---

[1] Mr. Zaza has utilized the court's form Complaint for a Civil Case.

As relief, Mr. Zaza requests an order for his appeal to be reinstated, that defendant's representative cease to try to convince veterans to drop their appeals, and recovery of court costs and fees.

"Federal courts are courts of limited jurisdiction, and as such, must have a statutory basis to exercise jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides for federal-question jurisdiction, which exists if a plaintiff pleads a colorable claim arising under the Constitution or laws of the United States. Id. Section 1332 provides for diversity jurisdiction, which exists if a plaintiff presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Id.

In his complaint, Mr. Zaza invokes federal-question jurisdiction as the basis for federal-court subject-matter jurisdiction. He lists one federal statute, 18 U.S.C. § 1001 (false or fraudulent statements in any matter within the jurisdiction of the federal government), as the statute at issue. However, that statute is a criminal statute, which does not provide a private right of action for Mr. Zaza. Clements v. Chapman, 189 Fed. Appx. 688, 692 (10th Cir. 2006) (unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A)); Weiss v. Sawyer, 28 F. Supp. 2d 1221, 1227 (W.D. Okla. 1997). Thus, the criminal statute does not confer federal-question jurisdiction for this lawsuit. Greene v. Tennessee Board of Judicial Conduct, 693 Fed. Appx. 782, 783 (10th Cir. 2017) (unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Although not invoked by Mr. Zaza, the court concludes that diversity jurisdiction does not exist as a basis for federal-court jurisdiction. A state is not a "citizen" for purposes of diversity jurisdiction. Moor v. Alameda County, 411 U.S. 693, 717 (1973). Because the Oklahoma Department of Veterans Affairs, created

by 72 O.S. § 63.1, is an arm of the state, it also is not a "citizen" for purposes of diversity jurisdiction.  Dougherty v. University of Oklahoma Bd. of Regents, 415 Fed. Appx. 23, 25 (10th Cir. 2011) (unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh, 546 U.S. at 514.  "[W]hen a federal court concludes that it lacks subject-jurisdiction, the court must dismiss the complaint in its entirety."  Id.

The court concludes that it lacks subject-matter jurisdiction over Mr. Zaza's complaint and action.  Therefore, the court finds that Mr. Zaza's complaint and action must be dismissed without prejudice.[2]

Accordingly, plaintiff Ali S. Zaza's complaint and action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.  A judgment will be entered separately.

DATED this 26th day of January, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0075p001.docx

---

[2] Even if the court had federal-court subject-matter jurisdiction over Mr. Zaza's complaint and action, Mr. Zaza's complaint and action against the Oklahoma Department of Veterans Affairs would be barred by the Eleventh Amendment.  See, ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1187 (10th Cir. 1998) (Eleventh Amendment bars a federal suit against a state agency regardless of the type of relief sought), overruled on other grounds by Hill v. Kemp, 478 F.3d 1236, 1259 (10th Cir. 2007); see also, U.S. ex rel. Burlbaw v. Orenduff, 548 F.3d 931, 942 (10th Cir. 2008) ("[A] court may raise the issue of Eleventh-Amendment immunity sua sponte but, unlike subject-matter jurisdiction, is not obligated to do so.").